IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

GEORGE E. AMOS                                                                                    PETITIONER

v.                                          NO. 2:07CV00109 JLH-JFF

T.C. OUTLAW,
Warden, FCI Forrest City,
Arkansas                                                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, George Amos, is incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City"). He has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to enjoin the State of Mississippi from prosecuting him on a pending charge of receiving stolen property. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed summarily without prejudice.

In his § 2241 petition, Petitioner alleges that on January 17, 2005, he was arrested in Hinds County, Mississippi, for auto theft and that the charge was later reduced to receiving stolen property. He further alleges that as a result of his January 17 arrest, a firearm was found in the allegedly stolen vehicle and that he was subsequently convicted of felon in possession of a firearm in United States District Court and sentenced to forty months' imprisonment. He alleges that he is serving his forty-month sentence at FCI Forrest City. Petitioner also alleges that on August 25, 2006, officials at FCI Forrest City sent a detainer action letter to the Sheriff's Office in Hinds County, "asking whether its department was going to expedite a warrant and lodge a detainer against Mr. Amos for the pending offense of 'Receiving Stolen Property.'"

Attachments to Petitioner's habeas petition indicate that on September 7, 2006, he filed a motion to dismiss the Mississippi charge with the Hinds County, Mississippi, Circuit Clerk's Office. On September 18, 2006, he filed a second motion to dismiss the Mississippi charge, alleging that the State of Mississippi had failed to timely prosecute him in violation of his Fifth and Sixth Amendment right to a speedy trial. On March 19, 2007, Petitioner filed a third motion to dismiss the charge. On May 25, 2007, Petitioner filed a fourth motion to dismiss the charge, again alleging that the State of Mississippi had failed to timely prosecute him in violation of his Fifth and Sixth Amendment right to a speedy trial.

On August 17, 2007, Petitioner filed his § 2241 petition in this Court, requesting that the Court enjoin the State of Mississippi from prosecuting him on the pending charge of receiving stolen property and that the Court dismiss the pending charge. He

contends that the State of Mississippi's failure to dismiss the pending charge violates his "Fifth Amendment and Sixth Amendment due process and equal protect[ion] rights to a fair and fast speedy trial." He further contends that there is no evidence in the case to suggest a jury could find him guilty of the pending state charge.

A federal habeas corpus petition is required to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "[I]f 'it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). *Christian v. Holt*, 2005 U.S. Dist. LEXIS 31054 at * 2 (M.D. Pa. Nov. 8, 2005); *Hairston v. Nash*, 2005 U.S. Dist. LEXIS 24172 at ** 3-4 (D.N.J. Oct. 14, 2005).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "[A] district court acts 'within [its] respective jurisdiction' within the meaning of § 2241 as long as 'the custodian can be reached by service of process.'" *Rasul v. Bush*, 542 U.S. 466, 478-79 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973)); *Sumbry v. Indiana State Prison*, 2006 U.S. Dist. LEXIS 28754 at ** 2-3 (E.D. Ark. April 18, 2006) (recommended disposition), *adopted by order of district court*, 2006 U.S. Dist. LEXIS 28760 (E.D. Ark. May 3, 2006). The language

of § 2241(a) requires "'nothing more than that the court issuing the writ have jurisdiction over [the petitioner's] custodian.'" *Padilla*, 542 U.S. at 442 (quoting *Braden*, 410 U.S. at 495); *Lee v. United States*, 501 F.2d 494, 500-01 (8th Cir. 1974). *See also Gravink v. United States*, 549 F.2d 1152, 1154 (8th Cir. 1977) ("Under the law of this circuit habeas corpus jurisdiction requires that the district court have jurisdiction over the petitioner's custodian."). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *See Padilla*, 542 U.S. at 445 (citing *Schlanger v. Seamans*, 401 U.S. 487 (1971)); *Gravink*, 549 F.2d at 1154. "*Braden* in no way authorizes a district court to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." *Padilla*, 542 U.S. at 445.

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Id.* at 434 (quoting 28 U.S.C. § 2242). "[T]here is generally only one proper respondent to a given prisoner's habeas petition." *Id.* Where a prisoner challenges present physical confinement, his custodian and the proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court," *i.e*, the warden of the facility where he is being held. *Id.* at 434-35. "[T]he immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id.* at 438-39; *Finley v. Nixon*, 2007 U.S. Dist. LEXIS 41799 at * 2 (E.D. Mo. June 8, 2007). Where "a habeas petitioner . . . challenges a form of 'custody' other than present physical confinement," the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody.'" *See Padilla,* 542 U.S. at 438 (citing *Braden*); *Braden*, 410 U.S. at 494-95; *Finley*, 2007 U.S. Dist. LEXIS 41799 at * 2.

The challenged "custody" in this case is not Petitioner's present physical confinement in federal prison at FCI Forrest City, but rather his prosecution on the state charge in Mississippi. The Magistrate Judge finds that the entity or person who exercises legal control with respect to Petitioner's Mississippi prosecution and who is, therefore, the proper respondent is the Attorney General of Mississippi or the Mississippi prosecuting authorities, not the warden at FCI Forrest City. *Cf. Finley*, 2007 U.S. Dist. LEXIS 41799 at ** 1-2 (holding that where the petitioner was confined in federal prison in Indiana when he filed a habeas corpus petition in the United States District Court for the Eastern District of Missouri challenging his Missouri state-court convictions but not his present physical confinement in Indiana, the Attorney General of Missouri, not the warden in Indiana, was the proper respondent and that the district court lacked jurisdiction over the warden in Indiana because he was not within the territorial jurisdiction of the district court); *Rheuark v. Wade*, 608 F.2d 304, 305-06 (8th Cir. 1979) (holding that where the petitioner filed a habeas petition in the United States District Court for the Eastern District of Arkansas attacking his Texas state conviction while he was in Arkansas in custody of a United States Marshal to appear as a witness, the custodians over whom the district court "must have had jurisdiction" were the Texas officials responsible for his confinement pursuant to his Texas state conviction and that the district court lacked jurisdiction over petitioner's Texas custodians); *Smocks v. United States Marshal*, 2006 U.S. Dist. LEXIS 10518 at ** 1-2 (E.D. Tex. Feb. 16, 2006) (concluding that the proper respondent was the State of Missouri where the petitioner, who was confined in a county jail in Texas pending disposition of federal charges, filed a habeas corpus petition in the United States District Court for the Eastern District of

Texas challenging his Missouri convictions in an attempt to avoid being returned to Missouri after the federal criminal proceedings were completed). This Court does not have jurisdiction over the Attorney General of the State of Mississippi or the Mississippi prosecuting authorities, who are not within the territorial jurisdiction of this Court. Accordingly, the Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed summarily without prejudice. *See Sumbry*, 2006 U.S. Dist. LEXIS 28754 (summarily dismissing habeas petition without prejudice because the petitioner's custodian, who was located in Indiana, was not within the territorial jurisdiction of the court).

Even if the Court had jurisdiction over the Attorney General of the State of Mississippi or the Mississippi prosecuting authorities, Petitioner would not be entitled to relief. *Younger v. Harris* and its progeny prohibit direct interference by a federal court with a pending state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43-45 (1975); *Samuels v. Mackell*, 401 U.S. 66, 71-73 (1971). Pursuant to *Younger v. Harris* and its progeny, "a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions . . . are pending against the federal plaintiff at the time that federal action is commenced." *DeSpain v. Johnston*, 731 F.2d 1171, 1175 (5th Cir. 1984). "A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris* . . . that federal courts abstain from interfering with state criminal proceedings." Accordingly, federal district courts "can entertain pretrial habeas petitions in which petitioner asserts that an impending state trial violates the Double Jeopardy Clause." *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992); *Palmer v. Clarke*, 961 F.2d 771,

774 (8th Cir. 1992). Federal district courts also can entertain a pretrial habeas petition in which a petitioner alleges a violation of his constitutional right to speedy trial when the requested relief is an immediate trial. *Braden*, 410 U.S. at 488-93; *Atkins v. People of State of Michigan*, 644 F.2d 543, 546-548 (6th Cir. 1981). When a petitioner asserts a violation of his right to a speedy trial and seeks dismissal of the charges against him, he must wait to file a federal habeas corpus petition until after his state trial has been completed and the case has been concluded in the state courts. *See In re Justices of the Superior Court Dep't of the Mass. Trial Court*, 218 F.3d 11, 18 n. 5 (1st Cir. 2000); *Briley v. Norris*, No. 5:04CV00255 WRW-JFF, recommended disposition at * 5 (E.D. Ark. Aug. 13, 2004), *adopted by order of district court* (E.D. Ark. Sept. 3, 2004), *aff'd*, No. 04-3647 (8th Cir. July 21, 2005 (unpublished). The only other claim permitted in a pretrial habeas petition is one alleging a violation of the Fourteenth Amendment in denying the petitioner bail. *Atkins*, 644 F.2d at 549.

In his § 2241 petition Petitioner requests that this Court enjoin the State of Mississippi from prosecuting him on the pending charge of receiving stolen property and to dismiss the pending charge. He contends that the State of Mississippi's failure to dismiss the pending charge violates his "Fifth Amendment and Sixth Amendment due process and equal protect[ion] rights to a fair and fast speedy trial." He further contends that there is no evidence in the case to suggest that a jury could find him guilty of the pending state charge. The Magistrate Judge finds that Petitioner's challenge to his pending state prosecution is not cognizable in a pretrial habeas petition.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed summarily without prejudice.

Dated this 1st day of October, 2007.

                                                      /s/ John F. Forster, Jr.
                                      UNITED STATES MAGISTRATE JUDGE